MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: ALLISON D. PENN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2725
Fax: (212) 637-2702

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

FAMILIES FOR FREEDOM; and JOHN DOE,     :

                                 :     <u>ECF CASE</u>

            Plaintiffs,             :

                                 :     08 Civ. 5566 (JSR)

              v.                :

                                 :

UNITED STATES BUREAU OF             :     <u>ANSWER</u>
IMMIGRATION AND CUSTOMS
ENFORCEMENT,                       :

                                 :

              Defendant.         :

------------------------------------------------------------x

Defendant, the United States Bureau of Immigration and Customs Enforcement ("defendant"), by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, answers the amended complaint (the "complaint") on information and belief as follows:

        1.      The allegations contained in paragraph 1 of the complaint constitute plaintiffs' characterizations of their claims to which no response is required.  To the extent a response is required, denies the allegations and avers that plaintiffs have requested agency records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522.

        2.      The allegations contained in paragraph 2 of the complaint constitute plaintiffs' characterizations of their claims to which no response is required.  To the extent a

response is required, denies the allegations, and in particular, denies plaintiffs' characterization of Defendant's actions as "home raids" in this and all other paragraphs of the Complaint in which the phrase is used.

      3.     The allegations contained in paragraph 3 of the complaint constitute plaintiffs' characterizations of their claims to which no response is required.  To the extent a response is required, denies the allegations.

      4.     The allegations contained in paragraph 4 of the complaint constitute plaintiffs' characterizations of their claims to which no response is required.  To the extent a response is required, denies the allegations.

      5.     The allegations contained in paragraph 5 of the complaint constitute plaintiffs' characterizations of their claims to which no response is required.  To the extent a response is required, denies the allegations.

      6.     The allegations contained in paragraph 6 of the complaint constitute plaintiffs' statement of jurisdiction to which no response is required.  To the extent a response is required, Defendant admits the allegations.

      7.     The allegations contained in paragraph 7 of the complaint constitute plaintiffs' statement of venue to which no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

      8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint.

      9.     Denies knowledge or information sufficient to form a belief as to the truth

2

of the allegations contained in paragraph 9 of the complaint.

10.    Admits the allegations contained in paragraph 10 of the complaint.

11.    Admits the allegations contained in paragraph 11 of the complaint.

12.    Admits the allegations contained in paragraph 12 of the complaint, except denies knowledge or information sufficient to form a belief as to the number of removable aliens.

13.    Admits the allegations contained in paragraph 13 of the complaint.

14.    Admits the allegations contained in the first and third sentences of paragraph 14 of the complaint.  Denies the allegations contained in the second sentence of paragraph 14 of the complaint.

15.    Denies the allegations contained in the first, third, fourth and fifth sentences of paragraph 15 of the complaint and admits the allegations contained in the second sentence of paragraph 15 of the complaint.

16.    Admits the allegations contained in paragraph 16 of the complaint.

17.    Denies the allegations contained in paragraph 17 of the complaint.

18.    Denies the allegations contained in paragraph 18 of the complaint.

19.    Denies the allegations contained in paragraph 19 of the complaint.

20.    Denies the allegations contained in paragraph 20 of the complaint and the accompanying footnote, except avers that administrative warrants do not empower ICE agents to enter a home without consent or other legal justification.

21.    Denies the allegations contained in paragraph 21 of the complaint.

22.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the complaint, except avers that Defendant received a

request dated April 9, 2008, and refers the Court to Exhibit A of the complaint for an accurate statement of its contents.

23.    Denies the allegations contained in paragraph 23 of the complaint, except avers that plaintiffs requested expedited processing of their request under 5 U.S.C. § 552(a)(6)(E).

24.    Denies the allegations contained in paragraph 24 of the complaint, except avers that plaintiffs requested a fee waiver pursuant to 5 U.S.C. 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11(k).

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26.    Denies the allegations contained in paragraph 26 of the complaint, except avers that plaintiffs' request was received by defendant on April 18, 2008.

27.    Denies the allegations contained in paragraph 27 of the complaint, except avers that by letter dated April 21, 2008, ICE FOIA Director Catrina Pavlik-Keenan acknowledged receipt of plaintiffs' FOIA request, and refers the Court to Exhibit B of the complaint for an accurate statement of the letter's contents.

28.    Denies the allegations contained in paragraph 28 of the complaint, except avers that by letter dated April 21, 2008, ICE FOIA Director Catrina Pavlik-Keenan denied plaintiffs' request for a fee waiver and expedited processing and refers the Court to Exhibit C of the complaint for an accurate statement of the letter's contents.

29.    Denies the allegations contained in paragraph 29 of the complaint, except avers that Defendant received an administrative appeal by letter dated June 12, 2008, and refers the Court to Exhibit D of the complaint for an accurate statement of the letter's contents.

30.  Denies the allegations contained in paragraph 30 of the complaint, and avers that on August 4, 2008, defendant sent its first response to plaintiffs' FOIA request and produced 285 responsive pages, and that defendant received plaintiffs' FOIA request on April 18, 2008.

31.  Paragraph 31 of the complaint contains legal conclusions to which no response is required.  To the extent a response is required, denies the allegations contained in paragraph 31 of the complaint and refers the Court to the statutes referenced therein.

32.  Denies the allegations contained in paragraph 32 of the complaint, and avers that on August 4, 2008, defendant sent its first response to plaintiffs' FOIA request and produced 285 responsive pages.

33.  Denies the allegations contained in paragraph 33 of the complaint.

34.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 34 of the complaint.

35.  Denies the allegations contained in paragraph 35 of the complaint.

36.  Denies the allegations contained in paragraph 36 of the complaint.

37.  Denies the allegations contained in paragraph 37 of the complaint.

38.  Denies the allegations contained in paragraph 38 of the complaint.

39.  Denies the allegations contained in paragraph 39 of the complaint.

40.  Defendant hereby incorporates by reference each of the answers in paragraph 1-39 above.

41.  Denies the allegations contained in paragraph 41 of the complaint.

42.  Defendant hereby incorporates by reference each of the answers in paragraph 1-41 above.

43.  Denies the allegations contained in paragraph 41 of the complaint.

44.  Defendant hereby incorporates by reference each of the answers in paragraph 1-43 above.

45. Denies the allegations contained in paragraph 45 of the complaint.

46.  The remaining paragraphs of the complaint constitute plaintiffs' prayer for relief to which no response is required.  To the extent any response is required, denies the allegations contained in plaintiffs' prayer for relief.

## FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The information plaintiffs seek in their FOIA requests are subject to exemptions to FOIA.  See 5 U.S.C. § 552(b).

## THIRD DEFENSE

The Court lacks subject matter jurisdiction over plaintiffs' request for relief that exceeds the relief authorized by statute under FOIA, 5 U.S.C. § 552.

WHEREFORE, defendant demands judgment dismissing the complaint and granting such other and further relief as this Court deems proper, including costs and disbursements.

Dated:      New York, New York
            August 14, 2008

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York,
                              Attorney for Defendant


                    By:       /s/ **Allison Penn**
                              ALLISON D. PENN
                              Assistant United States Attorney
                              86 Chambers Street, 3rd Floor
                              New York, New York 10007
                              Tel. No.: (212) 637-2725
                              Fax No.: (212) 637-2702


TO:     Peter Markowitz, Esq.
        Assistant Clinical Professor of Law
        Director, Immigration Justice Clinic
        Cardozo Immigration Justice Clinic
        Cardozo School of Law
        Immigration Justice Clinic
        55 Fifth Avenue
        New York, N.Y. 10003
        Tel No.: (212) 790-0340